UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC JACKSON,

                Plaintiff,

        -against-

ANDREW CUOMO; LEROY FIELDS;
BEVERLY LOCKWOOD; NYS DIVISION OF
PAROLE, BROOKLYN #2; COMMISSIONER
ANTHONY J. ANNUCCI; BOARD OF
PAROLE NYS,

                Defendants.

20-CV-8930 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

      Plaintiff, currently detained at Fishkill Correctional Facility ("Fishkill"), brings this pro se action under 42 U.S.C. § 1983. He alleges that he has been held at Fishkill for months beyond the maximum release date for his conviction, due to Defendants' failure to assist him in locating housing that complies with the Sexual Assault Reform Act ("SARA"), N.Y. Exec. Law § 259-c(14). Plaintiff seeks damages and injunctive relief. By order dated November 20, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP"), (*see* Dkt. No. 8).[1]

## I. Standard of Review

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally,  *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in pro se cases, *id*. at 475 (citation omitted), has its limits: to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief*, see* Fed. R. Civ. P. 8(a)(2).

## II.  Discussion

### A.  New York State Agencies

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Id*.  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  Plaintiff's § 1983 claims against the New York State Division of Parole and the New York State Board of Parole are therefore barred by the Eleventh Amendment and are dismissed.

B.  Other Named Defendants

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (stating that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and Complaint until the Court reviewed the Complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.  If the Complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Fishkill Superintendent Leroy Fields, Fishkill Offender Rehabilitation Coordinator ("ORC") Beverly Lockwood, Governor Andrew Cuomo, and Anthony J. Annucci, Commissioner of the New York State Department of Correction and Community Supervision ("DOCCS") through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants.  The Clerk of Court is further instructed to

issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### III.  Conclusion

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package. The Court dismisses Plaintiff's claims against New York State Division of Parole and the New York State Board of Parole.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Fishkill Superintendent Leroy Fields, Fishkill Offender Rehabilitation Coordinator Beverly Lockwood, Governor Andrew Cuomo, and DOCCS Commissioner Anthony J. Annucci, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   December 7, 2020
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Superintendent Leroy Fields
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508-0307

2. Beverly Lockwood, Offender Rehabilitation Coordinator
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508-0307

3. Anthony J. Annucci, Commissioner
   DOCCS
   Building Two
   1220 Washington Avenue
   Albany, New York 12226-2050

4. Governor Andrew Cuomo
   New York State Office of the Attorney General
   28 Liberty Street, 15th Floor
   New York, NY 10005